UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| CONNIE G. SMITH BANNER | ) | |
| | ) | |
| v. | ) | NO. 2:04-CV-415 |
| | ) | |
| JO ANNE B. BARNHARDT, | ) | |
| Commissioner of Social Security | ) | |

## **MEMORANDUM OPINION**

The plaintiff, Ms. Connie G. Smith Banner, has filed a motion for summary judgment on her complaint to obtain judicial review of the final decision of the defendant Commissioner of Social Security Jo Anne B. Barnhardt denying her application for supplemental security income under the Social Security Act. The defendant has also filed a motion for summary judgment.

Ms. Banner was born in 1967 and was 36 years old at the time of her administrative hearing. [Tr. 34]. She completed ninth grade and has no relevant past work experience. [Tr. 34, 35]. Ms. Banner alleges she is disabled as of July 11, 2002, from neck and back pain, a kidney infection, a nervous condition, and irregular bowel movements. [Tr. 17]. Based in part upon a finding that her severe impairments were not severe enough, the Administrative Law Judge [ALJ] found that Ms. Banner was not disabled as defined by the Social Security Act. [Tr. 19].

At Ms. Banner's administrative hearing held on August 5, 2003, the testimony of Ms. Banner and vocational expert Donna Bardsley was received into evidence. [Tr. 34-48]. Ms. Banner testified she had never held a job for more than three months. [Tr. 34-35]. She stated she does not believe she can work because she has back and neck pain, stomach problems, headaches, and anxiety. [Tr. 35-36]. She drives a vehicle to the grocery store and doctor's office, prepares small meals, and performs "real light" housework. [Tr. 37].

Vocational expert Donna Bardsley testified next. [Tr. 44-48]. The ALJ asked her to assume a woman of Ms. Banner's height, weight, education, and work background who retained the residual functional capacity [RFC] to perform light and medium work activity. [Tr. 44-45]. Such a person also had an emotional disorder with severe restrictions on her ability to perform work-related activities around the public, but she only had mild to moderate restrictions on her ability to work around things. [Tr. 45]. The vocational expert testified such a person could work as a hand packager, sorter, assembler, inspector, cleaner, and kitchen helper, for example. [Tr. 46].

The ALJ ruled that Ms. Banner was not disabled because her severe impairments of musculoskeletal and mental impairments were not severe enough for a finding of disability. [Tr. 19]. The ALJ then found she retained the RFC to perform

2

"light and medium work consistent with an emotional disorder with severe restrictions regarding her ability to perform work-related activities around people and work consistent with mild to moderate restrictions regarding her ability to work primarily with things." [*Id.*]. With those limitations, the ALJ found Ms. Banner could work as a hand packager, sorter, assembler, inspector, cleaner, and kitchen helper. [Tr. 21].

This court must affirm an ALJ's conclusions unless the ALJ applied incorrect legal standards or made findings of fact unsupported by substantial evidence in the record. 42 U.S.C. § 405g. "Substantial evidence" is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion." *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Accordingly, this court may not try the case *de novo*, nor resolve conflicts in the evidence, nor decide questions of credibility. *Walters v. Commissioner of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997).

Ms. Banner requests summary judgment and claims the ALJ ignored certain testimony of the vocational expert. During questioning by Ms. Banner's attorney, the vocational expert indicated that a person who could not work a full eight-hour workday would not be employable. [Tr. 47]. In addition, the vocational expert

3

Case 2:04-cv-00415   Document 17   Filed 01/09/06   Page 3 of 5   PageID #: 3

testified that a person who was severely limited in her ability to maintain attention and concentration would see her ability to work "affected." [Tr. 47-48]. The ALJ, however, did not find that Ms. Banner was unable to work a full eight-hour workday, so he did not have to credit that portion of the vocational expert's testimony. And, regarding a person's ability to work being "affected" by a limited ability to maintain attention and concentration, "affected" does not equal being unable to do a task or an elimination of all jobs. The ALJ's reliance on certain parts of the vocational expert's testimony was not misplaced.

And, Ms. Banner contends the ALJ erred in his credibility assessment of her. According to the ALJ, Ms. Banner's allegations were not fully credible. [Tr. 20]. Ms. Banner complained of anxiety and emotional difficulties, but she was not actively seeking treatment for her complaints. [*Id.*]. Ms. Banner also failed to seek any treatment for her allegedly disabling neck and back pain after July 2002. [Tr. 188, 233-36]. In addition, Ms. Banner indicated to a doctor that she must use the bathroom every 10 minutes but failed to do so at all during a two hour evaluation with the doctor. [Tr. 20]. Finally, the ALJ noted that Ms. Banner failed to follow through with medical advice to seek physical therapy for her impairments. [*Id.*]. Based on the foregoing, there was substantial evidence to support the ALJ's credibility determination. Ultimately, however, this court will note that it is not within its

purview to revisit issues of credibility. *Walters*, 127 F.3d at 528.

After careful consideration of the entire record of proceedings related to this case, Ms. Banner's motion for summary judgment will be denied, the defendant's motion for summary judgment will be granted, and this action will be dismissed.

An appropriate order will follow.

ENTER:

                                             s/Thomas Gray Hull
                                             THOMAS GRAY HULL
                                               SENIOR U. S. DISTRICT JUDGE